**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS DEMELO,

           Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

           Defendant-Appellee.

No.   15-15999

D.C. No. 1:13-cv-01247-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted May 18, 2017
San Francisco, California

Before:  THOMAS, Chief Judge, WARDLAW, Circuit Judge, and
BENCIVENGO,[**] District Judge.

Luis Demelo appeals from the district court's order remanding the case for

case for further proceedings.  We have jurisdiction under 28 U.S.C. §1291.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

review for an abuse of discretion, *Treichler v. Comm'r*, 775 F.3d 1090, 1098 (9th Cir. 2014), and we affirm.

Under 42 U.S.C. § 405(g), the district court was obligated to review the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008) (citing *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam)). The district court found that the Commissioner's decision is not based on substantial evidence because of the new evidence that was submitted to the Appeals Council.

Given the finding that the Commissioner's decision was not based on substantial evidence, the next question for the district court was whether to make a disability determination or remand for further proceedings. A district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," but "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099 (first quoting 42 U.S.C. § 405(g); then citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Under this circuit's "three-part credit-as-true standard," a court may remand for an award of benefits when all of the following conditions are met: (1) the

record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The district court applied the "credit-as-true" test and found that the first prong was not met because the new evidence raised questions about Demelo's current state and therefore made the record incomplete. As a result, the district court found that Demelo "does not satisfy all three conditions of the credit-as-true rule because the record needs to be more fully developed and further proceedings are necessary."

The dissent argues that if "Demelo had not submitted new evidence to the Appeals Council, a district court properly applying the credit-as-true rule would have been obligated to remand for an immediate award of benefits." The fact is that Demelo did submit additional records to the Appeals Council, which means that the additional records became part of the Administrative Record. *Brewes v. Commissioner*, 682 F.3d 1157, 1163 (9th Cir. 2012). Under the circumstances here, the new records are not sufficient to render complete the otherwise

3

incomplete and at least partially contradictory record. While those additional records show further cardiac events, they are not so conclusive as to disability that, under an abuse of discretion standard, it would be "beyond the pale of reason" to remand for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000) (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

Given the conflicting and incomplete medical evidence in the record,[1] the district court's decision to remand for further proceedings was not "beyond the pale of reasonable justification under the circumstances." *Id.* The district court did not abuse its discretion in remanding the case for further proceedings.

**AFFIRMED.**

---

[1] Demelo's motion to supplement the record with new evidence [DktEntry 61-1] is **DENIED**. This denial does not prevent Demelo from moving to supplement the record with this new evidence on remand.

**DEMELO v BERRYHILL  15-15999**

Wardlaw, J., dissenting:

A district court "abuse[s] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afford[s] no reason to believe that [the claimant] is not, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).  Here, each of the three requirements for the "credit-as-true" rule is met; therefore, the district court abused its discretion in failing to remand for benefits.  Even as the district court correctly acknowledged that "the Commissioner's decision [was not] supported by substantial evidence" in light of "post-hearing medical reports" showing that Demelo had "suffer[ed] a significant heart incident after the ALJ issued his findings," it failed to account for—indeed, failed to rule on—the ALJ's numerous errors, which, if corrected, would have demonstrated Demelo's disability and required remand for an award of benefits.

(1)    The record is fully developed.  The ALJ had before him the opinions of at least seven physicians, five of whom were Demelo's treating physicians.  The voluminous medical record shows that Demelo has suffered numerous heart attacks, has been hospitalized many times for heart failure symptoms, only sleeps one hour at a time because he must sleep sitting up in order to breathe, cannot walk even one block without severe chest pain and shortness of breath, and that the

1

activities of daily living are terribly strenuous for him. Both Demelo and his brother, Julio Demelo, testified consistently with the medical records. Julio, with whom Demelo lives, testified that Demelo "can barely walk to the mailbox and back," "never feels good," is "always . . . either laying down or sitting down," and just a couple of weeks prior to the ALJ hearing had suffered a fairly serious heart attack just from walking down the driveway.

The district court concluded that the record was incomplete only because it accepted, without analysis, the ALJ's refusal to credit the opinion of *any* of the five physicians who found that Demelo was "disabled" within the meaning of the Social Security Act. But as discussed below, if these opinions had been credited as required, it would have been clear that the record *is* fully developed.

(2) Four treating physicians and one of the agency's examining physicians independently concluded that Demelo is disabled under the Social Security Act. A treating physician's opinion is entitled to substantial weight. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). However, the ALJ failed to accord these opinions any weight, even though they were corroborated by hundreds of pages of Demelo's medical records. Instead, the ALJ improperly gave the greatest weight to the testimony of Dr. Gerber, who neither treated nor

examined Demelo. The failure of the ALJ to properly weight the various physicians' opinions contravenes our instructions in *Garrison v. Colvin*, where we explained, "While the opinion of a treating physician is . . . entitled to greater weight than that of a non-examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician. The weight afforded a non-examining physician's testimony depends on the degree to which [he] provide[s] supporting explanations for [his] opinions." 759 F.3d at 1012 (citations and internal quotation marks omitted) (alterations in original). If the district court had properly credited the opinions of the doctors who found Demelo disabled, then it could not have concluded that the record was incomplete, and it could not have remanded for further factfinding.

Moreover, the ALJ failed to provide legally sufficient reasons for discrediting Demelo's symptom testimony. Our precedent requires the ALJ to apply a two-step process: "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or . . . some degree of the symptom [alleged]." *Garrison*, 759 F.3d at 1014 (internal quotation marks omitted). "If the claimant satisfies the first step of this analysis, *and* there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her

3

symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* at 1014–15 (emphasis added) (citations omitted) (internal quotation marks omitted). The ALJ failed to meet these analytical requirements in virtually all respects.

It is undisputed that Demelo met the first step of the test. Moreover, the ALJ made no finding of malingering. Nonetheless, the ALJ discredited Demelo's account of his pain and other symptoms because the ALJ "ha[d] a hard time accepting that an individual with disabling cardiac impairments could walk up to five miles per day," and because the ALJ was suspicious of Demelo's level of "candor" about his smoking habit. But Demelo's supposed ability to walk five miles is the clear anomaly in the totality of the record, and the ALJ did not provide any reason, much less a specific, clear, and convincing one, for discrediting Demelo's claims that he could not, in fact, walk five miles and that anything in the record that suggested he could was not accurate. Furthermore, it is not evident why the ALJ thought that Demelo was not candid about his occasional smoking—like many smokers who struggle to quit, Demelo appears to have gone through phases of smoking more or less, but Demelo reports that he permanently quit in 2011. The ALJ did not explain why this fact suggests that Demelo lacked

4

"candor" regarding his smoking habit. In short, these are not the specific, clear, and convincing reasons our precedent requires for a finding of noncredibility. Accordingly, the ALJ erred in discrediting Demelo's symptom testimony.[1]

Additionally, the ALJ completely discounted Julio Demelo's testimony, citing as reasons the facts that Julio was not a medically trained professional (he is a dairy farmer), that Julio's testimony must be so "colored by affection" as to be non-credible, and because his testimony, like that of "the claimant's, is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." Each of these reasons was improper or incorrect. ALJs are *required* to credit lay testimony from family and friends of disability claimants, regardless of their medical expertise, precisely because "witnesses who view the claimant on a daily basis" "can often tell whether someone is suffering or merely malingering." *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996). Disregarding such testimony violates 20 C.F.R. § 404.1513(e)(2). *See also Sprague v. Bowen*, 812 F.2d 1226, 1231–32 (9th Cir. 1987). Furthermore, the ALJ was wrong that Julio's testimony was inconsistent with the medical opinions in the

---

[1] Our inquiry ends here, for "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary," and it is not our role to scour the record for evidence that a claimant is or is not credible. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Nevertheless, I note that a review of the record reveals that the ALJ's reasons for discrediting Demelo's testimony cannot be supported by the evidence.

record—the opposite is true.

To the extent that the record shows certain periods of improvement, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. Because "[c]ycles of improvement and debilitating symptoms are a common occurrence, . . . [i]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.*

(3)    Finally, if the improperly discredited evidence were credited as true, the ALJ would be required to find Demelo disabled on remand. The record is replete with proof that Demelo is seriously disabled. As the post-hearing evidence before the Appeals Council illustrates, Demelo struggles to shower regularly and lacks the mobility to maintain his hygiene. He regularly struggles to breathe, and suffers from severe chest pains and shortness of breath. He has trouble standing, bending, and balancing. He has collapsed from a heart attack attempting to walk a half-block to the mailbox. Without his brother's charity, he would be homeless.

*        *        *

Because all three requirements of the "credit-as-true" rule are met, and because there is no "serious doubt" that Demelo is disabled despite some

6

discrepancies in the record, *Garrison*, 759 F.3d at 1021, 1023, I would conclude that it was an abuse of discretion for the district court to fail to remand Demelo's case for an award of benefits.

If Demelo had not submitted new evidence to the Appeals Council, a district court properly applying the credit-as-true rule would have been obligated to remand for an immediate award of benefits. It does not serve the purpose of the Social Security Act to prolong Demelo's decade-long application for benefits by remanding to the agency solely to incorporate "new" evidence that shows only that Demelo is just as, if not more, disabled than he was six years ago, when he last appeared before the ALJ. The record before the ALJ substantially supports finding that Demelo is disabled, so there is no need for further factfinding. Demelo has waited a decade for his disability determination, "and additional proceedings [will] only delay [his] receipt of benefits." *Smolen*, 80 F.3d at 1292. The evidence that Demelo submitted, confirming his ongoing disability, ought to have made it easier for him to receive the benefits to which he is entitled, not perversely more difficult. I respectfully dissent.